# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---
## NO. 03-14-00817-CV
---

**T. L. B., Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

---
### FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 340TH JUDICIAL DISTRICT
### NO. C-13-0050-CPS, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING
---

## M E M O R A N D U M   O P I N I O N

T.L.B. appeals from the trial court's order terminating her parental rights to her minor children, S.M.J., J.J.J., and M.W.B. *See* Tex. Fam. Code § 161.001. In support of its petition to terminate T.L.B.'s parental rights, the Texas Department of Family and Protective Services (the Department) alleged that T.L.B.: (1) knowingly placed or knowingly allowed the children to remain in conditions or surroundings that endangered the physical or emotional well-being of the children, *see id.* § 161.001(D); (2) engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered the physical or emotional well-being of the children, *see id.* § 161.001(E); and (3) failed to comply with the terms of a court order that established the specific actions T.L.B. had to take to achieve reunification with her children after their removal from T.L.B. for abuse or neglect, *see id.* § 161.001(1)(O). The Department also alleged that termination of T.L.B.'s parental rights was in the children's best interest. *See id.* § 161.001(2).

Following a bench trial, the trial court found by clear and convincing evidence that all three statutory grounds for terminating T.L.B.'s parental rights existed and that termination was in the children's best interest.[1]

On appeal, T.L.B.'s court-appointed attorney has filed an *Anders* brief informing this Court that she has made a diligent review of the appellate record and can find no arguable grounds to be advanced on appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). The brief meets the requirements of *Anders* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Taylor v. Texas Dep't of Protective & Regulatory Servs.*, 160 S.W.3d 641, 646–47 (Tex. App.—Austin 2005, pet. denied) (applying *Anders* procedure in appeal from termination of parental rights). Counsel has provided T.L.B. with a copy of the *Anders* brief along with a notice advising T.L.B. of her right to examine the appellate record and to file a pro se brief. No pro se brief has been filed.

Upon receiving an *Anders* brief, we must conduct a full examination of all of the proceedings to determine whether the appeal is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record, including the *Anders* brief submitted on T.L.B.'s behalf, and we have found nothing that would arguably support an appeal. We agree that the appeal is frivolous and without merit. Accordingly, we affirm the trial court's order terminating T.L.B.'s parental rights and grant counsel's motion to withdraw as attorney of record.

---

[1] The trial court also ordered termination of the parental rights of S.B., M.W.B.'s father. S.B. has not appealed the trial court's order.

2

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Goodwin and Field

Affirmed

Filed:  May 5, 2015